## Lynch v. Blaker.

*Vendor and vendee—Deed—Failure of wife to join in deed—Judgment—Security against dower claim — Change of wife's rights — Intestate laws — Husband and wife—Acts of April 8, 1833, and June 7, 1917.*

1. Where a husband in 1901 conveyed land without his wife's joinder in the deed, and the grantee paid two-thirds of the purchase money in cash and gave a judgment for one-third of the purchase money, payable after the death of the wife, the defendant in such judgment in a proceeding to revive it after the passage of the Intestate Law of June 7, 1917, P. L. 429, giving the wife a one-third interest in her husband's realty absolutely instead of for life, cannot set up as a defence the change in the wife's interest in the land under the Act of 1917 if it appears that both the grantor and his wife are still alive.

2. In such case the rights of the defendant can be adjusted after the death of the husband if the wife survives her husband.

*Sci. fa.* to revive judgment. C. P. Greene Co., June T., 1921, No. 47.

*B. N. Freeland,* for plaintiff.

*J. J. Purman* and *M. E. Carroll,* for defendant.

RAY, P. J., April 23, 1923.—This is a proceeding by *scire facias,* at No. 47, June Term, 1921, of this court, to revive and continue the lien of a judgment

3 D. & C.

entered to No. 142, June Term, 1916. The defendant, June 25, 1921, filed an affidavit of defence, wherein, for several reasons set forth, he contends that he has a full and legal defence to the whole of plaintiff's claim. Following this, the plaintiff, Sept. 13, 1921, on presentation of his petition to the court, procured the pending rule on the defendant to show cause why judgment should not be entered against him for want of a sufficient affidavit of defence.

It appears from the record evidence before us that Newton P. Lynch, the plaintiff, was the owner of a tract of land situate in Greene Township, this county, containing 149 acres and 6 perches, more or less. That on May 4, 1901, by deed of general warranty, subject to certain reservations therein mentioned, he conveyed to John L. Blaker, the defendant, the said tract of land for the price or sum of $5663.40, and the deed conveying the same was duly recorded. Of this purchase money price the grantee paid the grantor the two-thirds thereof, and gave him his judgment obligation for the remaining unpaid one-third, or $1887.80, on which judgment was originally entered at No. 196, May Term, 1901, together with interest at 4 per centum. The lien of this judgment has been kept alive by amicable revival, from time to time, until now the plaintiff seeks to preserve it for an additional period of five years by a writ of *scire facias.*

At the time of the making and delivery of this deed to the grantee, Newton P. Lynch, the grantor, was, and still is, a married man, his wife being Rachel Lynch, and they have two children. They were then living separate and apart and are still continuing so to live. Rachel Lynch did not join with her husband in the said conveyance to Blaker, nor has she done anything since the making of said conveyance to defeat or estop her from claiming her legal rights in her husband's estate, as his widow, should she survive him. It is out of this condition of affairs, coupled with certain other facts, that the pending controversy grows.

The purchase money obligation, dated May 4, 1901, on which, by virtue of the warrant of attorney therein contained, judgment was originally entered at No. 196, May Term, 1901, reads as follows:

"*Whereas,* N. P. Lynch has this day made, executed and delivered to John L. Blaker a deed for a certain tract of land, situate in Greene Township, Greene County, Pennsylvania, which land is particularly described in said deed, and which deed has not been signed nor acknowledged by Rachel Lynch, wife of said N. P. Lynch.

"*And whereas,* the said John L. Blaker desires to be indemnified against any possible right of dower that the said Rachel Lynch might have in said land if she survives her husband, the said N. P. Lynch.

"*And whereas,* the said N. P. Lynch is willing to indemnify the said John L. Blaker against any possible right of dower of the said Rachel Lynch by leaving one-third of the purchase money, one thousand eight hundred eighty-seven and 80/100 dollars ($1887.80) in said land.

"Now know ye, that I, the said John L. Blaker, acknowledge to owe to the said N. P. Lynch the sum of eighteen hundred eighty-seven and 80/100 dollars ($1887.80), the same to be paid whenever Rachel Lynch, wife of the said N. P. Lynch, shall execute and deliver to me a release of dower, releasing all her rights or rights of dower of, in and to all the land described in the deed above referred to, or the same to be paid to the said N. P. Lynch upon the death of the said Rachel Lynch, if he should survive her, and if she should survive him, then at her death I am to pay said sum to the heirs or assigns of the said N. P. Lynch, with interest at 4 per cent. from this date, without defalcation, value received.

Lynch v. Blaker.

"And I hereby authorize the Prothonotary of Greene County, Pa., to enter judgment against me for the above sum of eighteen hundred eighty-seven and 80/100 ($1887.80) dollars, with costs of suit and attorney's commission of 3 per cent., hereby waiving inquisition and exemption.

" Witness my hand and seal."

As heretofore stated, the deed in question is a deed of general warranty, subject to certain "exceptions and reservations as heretofore made." On July 1, 1903, the plaintiff and defendant entered into a written agreement, under their respective hands and seals, wherein the plaintiff, for the consideration therein set forth, covenanted and agreed to use certain efforts to procure, as soon as possible, a release by his said wife of any rights of dower she has or might have in the said tract of land. This agreement reads as follows:

"In consideration of the release and agreement on the part of the Plff. in this Judgment, hereinafter noted of record, I, J. L. Blaker, Deft., do hereby agree that I will pay interest on this judgment from May 4, 1903, at the rate of six per cent. (6%), payable annually on that date; & in default of payment of said interest when due, execution may issue forthwith for the collection of the interest in arrears; & upon the release of dower or conveyance to me or my assigns, by deed or otherwise, of all of the said N. P. Lynch's wife's interest or estate in the land for which this judgment was given by me for balance of purchase money, the whole of the said judgment shall become due & payable after thirty (30) days' notice to me or my assigns in writing of readiness to make such release or conveyance; & in case the lands for which this judgment was given for balance of purchase money should ever be sold before the said judgment is satisfied, I agree with said Plff. & his assigns that if the proceeds of such sale should not pay the judgment, its interest & Com. & costs, to pay the difference between the amount it sells for & the amount of the judgment, debt, interest, com. & costs in full.

"In consideration of the above & other valuable consideration, I. N. P. Lynch, Plff. in said judgment, do hereby release the lien of this judgment from all the lands owned by the Deft., J. L. Blaker, but the tract of land sold by me to him for which this judgment was given for balance of purchase money, situate in Greene Tp., this county, & containing 151 acres, more or less, & agree with him & his assigns that all subsequent revivals of this judgment shall be restricted as to lien to said tract of land & no other lands to be subsequently acquired by said Blaker shall be subject to the lien hereof. And I further agree with said J. L. Blaker & his assigns that I will use my best endeavor by persuasion to procure the release or conveyance by deed or otherwise of my wife's right of dower or estate in said land, by deed or otherwise, as soon as possible.

"Witness the hands and seals of the parties Plff. & Deft. this first day of July, 1903."

As yet, the efforts of the plaintiff, if any have been made, which the defendant denies, as covenanted for by him, have not resulted in procuring from his wife the release of her dower rights in the said tract of land sold to the defendant. It is upon these facts, in connection with the law enacted since the last amicable revival of this judgment in 1916, changing the rights of a widow in her husband's real estate, that the defendant seeks to prevent its revival. At the time of the making and delivery of the deed in question, May 4, 1901, the rights of the widow in her deceased husband's estate were fixed and determined by the Act of April 8, 1833, P. L. 315; 2 Purdon's Digest (13th ed.), 1994, section 1 of which provides:

3 D. & C.

"The real and personal estate of a decedent, whether male or female, remaining after payment of all just debts and legal charges, which shall not have been sold or disposed of by will or otherwise limited by marriage settlement, shall be divided and enjoyed as follows, viz.:

"Where such intestate shall leave a widow and issue, the widow shall be entitled to one-third part of the real estate for the term of her life and to one-third of the personal estate absolutely."

The rights of the widow in her deceased husband's estate are now fixed and determined by the Act of June 7, 1917, P. L. 429-477, § 1 *(b)*, which provides: "Where such intestate shall leave a spouse surviving and more than one child, or one child and the descendants of a deceased child, or children, or the descendants of more than one deceased child, the surviving spouse shall be entitled to one-third of the real and personal estate."

Section 3 of the same act declares: "The shares of the estate directed by this act to be allotted to the widow shall be in lieu and full satisfaction of her dower at common law, so far as relates to land of which the husband died seised, and her share in lands aliened by the husband in his lifetime, without her joining in the conveyance, shall be the same as her share in lands of which the husband died seised."

The affidavit of defence is based on the facts hereinbefore found and on the acts of assembly cited. The defendant, in support of the pending rule to show cause, has set forth five reasons in support thereof, all of which reasons deny the sufficiency of the affidavit of defence to defeat the revival of the judgment.

The defence in this case rests largely upon a contingency, the survival of the plaintiff by his wife, which may never happen. If the plaintiff survives his wife, then, upon payment of the judgment to the plaintiff, his heirs or assigns, the title to the land in question will be perfected in the defendant. If, however, the contemplated contingency occurs, the death of the plaintiff prior to the death of his wife, then upon her or her heirs or assigns seeking to enforce collection of the said judgment, the defendant can interpose the same matters of defence he now seeks to interpose and have the questions arising thereon finally determined. And, until such contingency does arise, in our opinion, any attempt to adjudicate such questions would be premature, improper and unnecessary. The rule, therefore, will be made absolute. But the lien of the judgment will be restricted to the land conveyed by the plaintiff to the defendant, and will be entered without prejudice to the rights of the defendant, upon any future revival of the judgment or attempt to collect the same, to interpose the same defence he has herein interposed, or any other proper defence that shall have accrued to him in the meantime. This, in our opinion, will protect and conserve the rights of all the parties concerned.

And now, April 23, 1923, this matter having come on to be heard, after argument by counsel and due consideration, for reasons set forth in the foregoing opinion, the rule to show cause is made absolute, the judgment of revival to be subject to the restrictions contained in the original judgment, and the lien thereof, when entered, to be restricted to the land conveyed by the plaintiff to the defendant by deed dated May 4, 1901, and the entry thereof to be without prejudice to the rights of the defendant, upon any future revival thereof or attempt to collect the same, to interpose the same defence interposed in this proceeding, as well as any other proper defence that shall have accrued to him at such time.      From S. M. Williamson, Waynesburg, Pa.